IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FREDDIE DOUGLAS, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:24-cv-00244 |
| § | Jury Demanded |
| CITY OF MANVEL, *et al.*, § | |
|    Defendants. § | |

## ANSWER OF DEFENDANTS, CITY OF MANVEL, DETECTIVE TRUITT, AND CHIEF TRAYLOR

Defendants, City of Manvel, Detective Corporal Taner Truitt, and Police Chief Thomas (Keith) Traylor, (collectively, "City Defendants" and individually, Manvel, Detective Truitt, and Chief Traylor), file their answer to the claims asserted by Plaintiff, Freddie Douglas, in Plaintiff's Original Complaint (Dkt. 1) and show as follows:

## PARTIES

1. Upon information and belief, City Defendants admit Plaintiff is a resident citizen of El Campo, Texas. City Defendants admit El Campo is in Wharton County.

2. City Defendants admit that the City of Manvel is a municipality in Brazoria County, Texas, that it operates a police department, and that Manvel City Hall is located at 20031 Highway 6, Manvel Texas 77578. City Defendants deny that service can be had by serving the City Manager of the

City of Manvel. The remaining allegations require no response, but to the extent further answer is necessary, City Defendants deny the remaining allegations of paragraph 2.

3. City Defendants admit Taner Truitt is a police officer employed by the City of Manvel Police Department and that Detective Truitt may be served at the City of Manvel Police Department. City Defendants deny that all of the facts asserted by Plaintiff against Detective Truitt occurred in Brazoria County. The remaining allegations require no response, but to the extent further answer is necessary, City Defendants deny the remaining allegations of paragraph 3.

4. City Defendants admit Chief Thomas (Keith) Traylor is the chief of police of the City of Manvel Police Department and that Chief Traylor may be served at the City of Manvel Police Department. City Defendants deny that all of the facts asserted by Plaintiff against Chief Traylor occurred in Brazoria County. The remaining allegations require no response, but to the extent further answer is necessary, City Defendants deny the remaining allegations of paragraph 4.

5. Upon information and belief, City Defendants admit the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. City Defendants admit this Court has jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and pendent jurisdiction over state law claims. City Defendants admit venue is proper but deny that all events took place in Brazoria County.

## FACTUAL BACKGROUND

7. City Defendants admit Plaintiff was employed as a sergeant with the City of El Campo Police Department until December 8, 2023, that he was arrested by a member of the Manvel Police Department on December 7, 2023, that the charge filed by the Brazoria County District Attorney's Office was for the offense of Aggravated Sexual Assault. City Defendants do not have sufficient information to admit or deny facts regarding Plaintiff's service in the El Campo Police Department, whether he grew up in El Campo, or how or whether he was a high school athlete, but to the extent further answer is necessary, deny these allegations. City Defendants deny the remaining allegations of paragraph 7.

8. City Defendants admit the Chief of Police for the El Campo Police Department, David Marcaurele, requested Plaintiff come into Chief Marcaurele's office where Detective Truitt, accompanied by Chief Traylor, placed Plaintiff under arrest for Aggravated Sexual Assault. Upon information and belief, City Defendants admit that Plaintiff had met Co-

Defendant, Amanda Zawieruszynski (AZ) only one time. City Defendants deny the remaining allegations of paragraph 8.

9.     Upon information and belief, City Defendants admit Plaintiff met AZ for the first time at the home of John Marks, AZ's neighbor, on or about November 8, 2023, that Plaintiff and John Marks planned to celebrate Plaintiff's birthday by attending a Rockets basketball game, that AZ was married but separated from her husband, that AZ brought cupcakes for Plaintiff, that AZ and John Marks exchanged text messages during the basketball game, that AZ arrived at John Marks' home after the basketball game wearing her swimming suit under her clothing, that AZ had visited John Marks' home in the past, that AZ and John Marks were friends who had an intimate relationship, and that John Marks' home was equipped with a security camera system. City Defendants deny the remaining allegations of paragraph 9.

10.    City Defendants admit that Plaintiff spoke to Detective Truitt and Texas Ranger Aaron Arizmendi regarding the events involving AZ that took place on November 8-9, 2023, at John Marks' home, that Plaintiff and John Marks claimed the sexual contact between AZ and Plaintiff and between AZ and John Marks was consensual; Plaintiff and John Marks stated there was surveillance video of the sexual contact with AZ; and that John Marks had preserved video from his surveillance system of the events

involving AZ. City Defendants deny the remaining allegations of paragraph 10.

11.     City Defendants admit that no one from the Manvel Police Department contacted or interviewed Plaintiff or John Marks prior to their arrests on December 7, 2023, that Plaintiff and John Marks informed officers they claimed AZ's claims were untrue; that Manvel Police Officers executed a search warrant on John Marks' home, that Manvel Police Officers participating in the execution of the search warrant made comments about the existence of video of the events and discussed matters related to potential outcomes of the arrests and search; that Plaintiff was charged with Aggravated Sexual Assault with bond set at $100,000. City Defendants are without sufficient knowledge to admit or deny how Plaintiff was able to post bond or what might have transpired in the cell at the Brazoria County Jail where Plaintiff was held. City Defendants deny the remaining allegations of paragraph 11.

12.     City Defendants admit that Detective Truitt received a subpoena to obtain footage from John Marks' security system and uploaded the subpoena to law enforcement portal on December 14, 2023. City Defendants deny the remaining allegations of paragraph 12.

13.     Upon information and belief, City Defendants admit that the El Campo Police Department terminated Plaintiff's employment with the El

Campo Police Department and complied with Texas statutes and administrative code to report the termination of his employment to relevant agencies. City Defendants admit that parts of Brazoria County and Wharton County are rural. City Defendants deny the remaining allegations of paragraph 13.

14.     City Defendants admit that Detective Truitt interviewed AZ on November 30, 2023, as part of an on-going investigation, that AZ identifies as a white female, and that AZ told Detective Truitt she had an on-and-off intimate relationship with John Marks, she had previously made nighttime visits to John Marks' home to swim, she brought cupcakes to John Marks' home when she stopped by for John Marks to introduce her to Plaintiff, she exchanged text messages with John Marks during the Rockets game Plaintiff and John Marks attended, she was wearing a swimming suit under her clothing when she arrived at John Marks' home after Plaintiff and John Marks returned to John Marks' home from the Rockets game, she informed Plaintiff and John Marks that she did not want to swim naked or have sex, she tried to get away from the situation, and she felt scared, that no one with Manvel Police Department interviewed Plaintiff or John Marks prior to their arrest. City Defendants assert that the criminal "Complaints" executed by Detective Truitt speak for themselves. City Defendants deny the remining allegations of paragraph 14.

**15.** City Defendants admit that Detective Truitt was the affiant for the "Complaints" against Plaintiff and John Marks. City Defendants deny the remaining factual allegations of paragraph 15.

**16.** City Defendants deny the allegations of paragraph 16.

**17.** City Defendants admit that Plaintiff was no-billed and deny that prior to the arrest of Plaintiff and John Marks, they were privy to and viewed or had access to any video recordings from John Marks' home or any other video source. City Defendants deny the remining allegations of paragraph 17.

**18.** City Defendants are without sufficient information to know whether Plaintiff's attorneys met with any one from the Brazoria County District Attorney's Office and, consequently, cannot admit or deny what the Brazoria County District Attorney's Office may have told Plaintiff's attorneys. City Defendants deny the remining allegations of paragraph 18.

**19.** City Defendants admit that the District Attorney's Office of Brazoria County brought charges against Plaintiff and John Marks before a grand jury and that the grand jury "no-billed" Plaintiff and John Marks. City Defendants deny the remaining allegations of paragraph 19.

## COUNT I

**20.** City Defendants deny the allegations of paragraph 20.

**21.** City Defendants admit that Chief Traylor is the top policy maker for the City of Manvel Police Department, that Justice of the Peace Richard

B. Davis issued arrest warrants for Plaintiff and John Marks. City Defendants deny the remaining allegations of paragraph 21.

## COUNT II

22. City Defendants deny the allegations of paragraph 22.

## COUNT III

23. City deny the allegations of paragraph 23.

## COUNT IV

24. The allegations of paragraph 24 do not refer to acts of the City Defendants and City Defendants are without sufficient information to admit or deny the allegations of paragraph 24. To the extent further answer is necessary, City Defendants deny the allegations of paragraph 24.

## COUNT V

25. City Defendants admit that its officers, after interviewing AZ and others and considering other evidence, obtained arrest warrants for Plaintiff for aggravated sexual assault, that Plaintiff was arrested by members of the Manvel Police Department on December 7, 2023, that the charges against Plaintiff were presented to a grand jury in Brazoria County, and the grand jury returned a "no-bill." City Defendants deny the remaining allegations of paragraph 25.

## COUNT VI

26. The allegations of paragraph 26 do not require an answer. To the extent further answer is necessary, City Defendants deny the allegations of paragraph 26.

## COUNT VII

27. The allegations of paragraph 27 do not require an answer. To the extent further answer is necessary, City Defendants deny the allegations of paragraph 27.

## COUNT VIII

28. The allegations of paragraph 28 do not require an answer. To the extent further answer is necessary, City Defendants deny the allegations of paragraph 28.

## COUNT IX

29. The allegations of paragraph 29 do not refer to acts of the City Defendants. The allegations of paragraph 29 do not require an answer. To the extent further answer is necessary, City Defendants deny the allegations of paragraph 29.

## JURY DEMAND

30. The allegations of paragraph 30 do not require a response.

## CONDITIONS PRECEDENT

31.     Upon information and belief, City Defendants deny the allegations of paragraph 31.

## DEFENSES AND AFFIRMATIVE DEFENSES

32.     City Defendants affirmatively assert that Plaintiff's injuries, if any, are the result of a pre-existing condition.

33.     City Defendants affirmatively assert that Plaintiff's injuries, if any, were the sole result of Plaintiff's negligence or intentional acts, which were a proximate case, in whole or in part, of Plaintiff's injuries, if any.

34.     City Defendants affirmatively assert that Plaintiff failed to mitigate his damages.

35.     Defendant, Manvel, affirmatively asserts that it is entitled to governmental and sovereign immunity and that Plaintiff has failed to plead a cause of action that meets the requirements to impose municipal liability.

36.     Defendants, Detective Truitt and Chief Traylor, affirmatively assert that they are entitled qualified and official immunity because they were acting in the course and scope of their official capacity and did not violate Plaintiff's clearly established constitutional rights. Defendants, Detective Truitt and Chief Traylor, further plead that they are entitled under the immunity doctrine to be free from suit, including the burden of avoidable

pretrial matters such as discovery. *Carswell v. Camp*, 37 F.4th 1062, 1065–1067 (5th Cir. 2022).

37. City Defendants affirmatively assert that the investigation and events leading to the arrest of Plaintiff do not support a claim under 42 U.S.C. § 1983.

38. City Defendants affirmatively assert that Plaintiff's alleged injuries, if any, are attributable to a new, independent, and/or superseding cause, and were therefore not proximately caused by any act or omission of City Defendants.

39. City Defendants seek apportionment of fault among all parties, including responsible third parties, pursuant to chapter 33 of the Texas Civil Practice and Remedies Code.

40. Defendant asserts that Plaintiff's medical expenses, if any, should be reduced to the amount actually paid by or incurred on behalf of Plaintiff pursuant to section 41.0105 of the Texas Civil Practice and Remedies Code.

## REQUEST FOR RELIEF

41. WHEREFORE, Defendants, the City of Manvel, Detective Corporal Taner Truitt, and Chief Thomas (Keith) Traylor, request that Plaintiff, Freddie Douglas, take nothing by his suit and award Defendants, the City of Manvel, Detective Corporal Taner Truitt, and Chief Thomas

3:24-cv-00244; Douglas v. Manvel
Answer of Manvel, Truitt, & Traylor                    11                              3702672

(Keith) Traylor, their costs of court and reasonable and necessary attorneys' fees, and such other and further relief to which they may show themselves to be justly entitled.

        Respectfully submitted,

        **OLSON & OLSON, L.L.P.**

By:   */s/ Andrea Chan*
       Andrea Chan
       Attorney-in-Charge
       Southern District ID No. 14940
       State Bar No. 04086600
       achan@olsonllp.com
       Wortham Tower, Suite 600
       2727 Allen Parkway
       Houston, Texas 77019-2133
       Telephone:  (713) 533-3800
       Facsimile:   (713) 533-3888

**ATTORNEY FOR DEFENDANTS,
CITY OF MANVEL,
DETECTIVE CORPORAL TANER TRUITT,
AND CHIEF THOMAS (KEITH) TRAYLOR**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2024, a true and correct copy of this *Answer of Defendants, City of Manvel, Detective Truitt, and Chief Traylor* was electronically filed using the Court's EF/CM system pursuant to Federal Rule of Civil Procedure 5 and United States District Court for the Southern District of Texas Local Rule 5:

Michael W. Kerensky
mike@kerenskylawfirm.com
440 Louisiana Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 228-5100
Facsimile: (713) 228-6138

***Attorney for Plaintiff,
Freddie Douglas***

*/s/ Andrea Chan*
Andrea Chan